Case number 22-1758. Eli M. Borochov et al. Sherry M. Borochov et al. Affalants v. Islamic Republic of Iran and Syrian Arab Republic. Mr. Cholchin for the Affalants. Mr. Nell for the appointed amicus. Gary Lai. Good morning, your honors. It's a pleasure to be here in person. We agree. So, there's two issues I think to address today. One has to do with the status of the appeal. And the other is the substance of it. Would the court prefer to start with one or the other? You start where you feel most comfortable and we'll let you know when we have questions. All right. So, the issue about the final order, I don't have much to add to what was set forth in our reply brief except for the following. That if the court sees it the way I briefed it, that the order, despite appearances, was technically non-final and remains it to the court below, it should be done with instructions, some explanations so that there's no confusion in the court below as to why it's coming. It shouldn't just be a one-line order that says it's non-final order, then dismissed. The court below has to know what to do about it. Otherwise, I'm just afraid we'll be back here in short order with similar arguments. On the merits, what, if any, legal error do you contend the district court made? Sure. The basic legal error was leaving the plaintiffs, and I'm starting with the conclusion, but leaving these Israeli plaintiffs bereft of a remedy based on the thought process that we did not present everything that the judge thought one might present in this context. Not every case has every kind of evidence or every kind of argument or every kind of proof that you might theoretically have. It would be nice if we had Israeli court decisions in similar cases. So I'm trying to find out what error of law. So you're saying that the judge erred by concluding that the quantum of evidence that you presented was not sufficient? Yes. I would qualify it somewhat. And don't we review that for clear error? That's the way we review damages? Well, I don't think that's, this wasn't a damages award. If the judge had a war, if the judge had said, look, I reviewed the Israeli law experts assessment of Israeli law, and I reviewed the affidavits of the plaintiffs and heard what their damages was, and I decided that these plaintiffs deserve X dollars. So that would be a damages award that your honor would review for clear error. Here, the court didn't do that. I believe this is a de novo review. What authority do you have for that proposition? You mean for the proposition that it's de novo as opposed to? Yes. It's set forth in our opening. We find the page reference for you. Now, while I'm finding the page reference, I would also say, I don't think it matters whether it's de novo or clear error or any other standard, because I think that the. I'm looking in the wrong brief. Well, here, here's, I guess, not to get to the nub of it, and I know my colleagues have questions, so I'll stop after this. When the district court judge asked you to provide evidence, you had one opportunity, then they gave you a second opportunity with the show cause. And the issue was, what do you need to prove damages under Israeli law? And you specifically asked for exemplar damages. And you didn't do that, and you filed a motion for reconsideration. Winning a third bite at the apple and said, well, we can't really provide exemplar damages because we can't serve Iran and Syria. But that kind of begs the question of, well, you know, are there no cases against Palestinian authority against individuals? There's no wrongful death cases. You say that Israeli law generally is provides lesser damages in the US, but we don't know what that means. So the district court said, look, it's too late, but even if I consider that, it's not sufficient. Your honor, so so I'm having a problem seeing where the error of law is in that. Okay, so let me back up. First of all, the procedural recitation that you're under just gave isn't exactly right. There were no three requests from the court below. We filed a motion for a default judge. Well, that's there's no request, but that's your opportunity. I mean, right. I mean, when you put a case on a trial. And it's time to rest. And then the court has to decide. Plaintiff doesn't after there's a directed verdict against them, get to say, oh, but we have more evidence. That's your shot. That's your bite at the app. That's what I meant. A motion for a default judgment isn't exactly a trial. I understand that completely. But my point is, is that that's your opportunity to present evidence. So, look, first of all, the idea of presenting similar verdicts from another jurisdiction or verdicts from another jurisdiction in a similar case. That's not a that's not an issue of law. What the court did here was not an issue of law. The court, the issue of damages. This is really the main thrust, our main argument in this case is that the judge's job when making a damages determination, he was with us all through liability. We got up to damages and the judge's job, just like a jury's job at a jury trial is to hear what the law is. To hear the evidence of damages, hear about the injuries and make an award. If they're in a jury trial, you would never tell the jury what was awarded in another case. You would never call a witness to say this is a car accident where somebody lost a leg. And now I'm going to give you a list of jury verdict reports from other juries awarded in other cases. That would be self-forbidden. You couldn't even mention it, that there are other cases and what other juries did on other evidence. The judge's job is to hear the law of damages. But that's exactly what you wanted this judge to do, right? By showing by showing him other awards in other terrorism cases, awards under federal law. No, well, and and that's what's done in these default judgment. The first line of argument is that the judge should have heard what categories of damages Israel law, Israeli law allows in the case like this. And based on hearing what those categories of damages are, you know, lost wages, pain and suffering. Also, salatium categories of damages. Then the court should have looked at the testimony of the plaintiffs to see what they said about their injuries. What they said about their damages and the court should have made an award. Now, we did go on to say that as a fallback. If you don't, you know, it's how do you do it as a judge? How do you or as a juror? How do you? So if I'm understanding you correctly, then it was error for him to require exemplar damages under Israel. Exactly. That's 100 percent error. Exemplar damages are nice to have in this context as guideposts. And that's exactly what and what's your best case for why. President from us or any other jurisdiction is why that was here. Oh, if that's if that was if if that's what he required and that's you. You don't have to read beyond this court's decision in Frankel or this court's decision in Hill. In Frankel, it's funny because I was the plaintiff's attorney in Frankel. And in Frankel, we were very upset at Judge Collier's damage award. She looked at the evidence. She looked at the testimony and she awarded to us what we viewed as substantially lower damages than should have been awarded. And we argued that because of that, it was wrong as we saw it for her to award less than what had become like a standard in these cases under Heiser. And she said, I don't care. I'm the judge. I'm supposed to hear the evidence and make awards that are in this case. And Heiser, she said, is just another district court decision. It's not precedent. And our position was like, well, we said that was an error because it wasn't binding. You said it's not binding. Right. You said it's merely. That's my point. We tried as tried as we could. We didn't say it's not relevant. We just said it's not binding. Oh, it's certainly relevant. You know, I should I should follow. We didn't say it couldn't be considered. We just said it's not buying. That's correct. It's something that could be considered. Now, you don't have to consider it. In fact, Judge Collier disregarded it. And she said, I'm going to make my assessment based on the way I see the evidence. And that's what this court said, that it's a guidepost. It can be consulted, but it's not binding. So there's lots of evidence that you could present in a case. You know, it's it's nice to have an MRI. It's nice to have fingerprints. It's nice to have DNA evidence, but you don't have DNA evidence in every case. Sometimes you have to go to trial without some kind of evidence that you might have. Here, we did not have Israeli law verdicts of the same kind of case against the sovereign. And that's the answer, Your Honor. It's not a wrongful death case. It's not a case against the Palestinian Party. It's a case against the sovereign state sponsor of terrorism, which we cite cases in our brief. Where did the district court say it had to have the exact same type of parties as opposed to just examples? Terrorism cases of salatium damages. I mean, your own expert said the Jerusalem district court, which deals with tort claims based on terrorist actions. So has that court ever issued salatium damages in a terrorism case? Against a foreign sovereign. I didn't ask that. I don't know the answer to that. But maybe that was if you don't have it against. I didn't read the district court's order is saying I want identical parties or parallel parties. I want, excuse me. I want examples of how these awards, the salatium damages are computed and implied. What kind of amounts are given in Israel? Because this isn't like showing examples in a car accident case. This is a very difficult application of foreign law. And so what I've been baffled all along about is why you didn't, you didn't have one. I mean, you're briefing to us is we don't have it against Syria and Iran. And I say we don't have it against sovereign governments. But then why you wouldn't go. But here's what we do have in other terrorism cases. Here's how it's been done. And the answer to that, Your Honor, is that in my view. A case against something other than a sovereign government isn't really comparable. And what does that got to do with the nature of the damages suffered by your clients? Do they suffer less? Excuse me. Do they suffer less because the defendant is a sovereign? They suffer more. Okay. Well, then you can explain that. You go here's what it is. You can say here's what it is when it's not a sovereign. And we think it should be more. Right. But I don't see. But you didn't do that. I don't. Just to use a crude example. If somebody has a baby that dies of crib death and somebody has a baby that's killed by a gang member in a shootout. One is worse than the other. The damages from one will suffer. That's not my question. My question is, the judge said, I don't know how this type of award is computed. I don't know what kind of amounts they give and how they go about assessing this very difficult to evaluate thing called, you know, the injuries from insulation, the pain from loss and witnessing the suffering of a loved one. Right. So please tell me what Israeli courts do. And your own expert said there's a court in Jerusalem that's really expert in terrorism tort cases. I wouldn't say that. Well, your expert said that. No, not expert in terrorism court cases. What he said is that they had a case. I mean, they don't have a lot of these cases. That's not what he said, which deals with most tort claims based on terrorist actions. That's plural. That's correct. But it's not like there's a million cases over there. No one asked for a million cases. So I think you need to understand that the problem here, one of the problems here is that the dis you read too much into either way you wanted to do. And you overread what the district court was asking. And to follow up on Judge Wilkins opinion here, he asked for information. But you didn't provide it. But I disagree with you completely. And I think you're making a mistake to do the case this way. The amount that an Israeli court may have awarded in some terrorism case is utterly irrelevant. Under Frankel, it's utterly irrelevant to what this court should award in this case. I personally. I don't think Frankel said it was irrelevant. I think Frankel said it was a guidepost. It said it's useful merely as a guidepost. Correct. And the district court asked for some guideposts. Which can be disregarded completely. And the district court asked for some guideposts. When a district court judge asked for guideposts and information, your response is no? No. My response is that we did not have. Even though the expert says that there's some terrorism cases in Israel, in my view, they're not guideposts because they are not against sovereigns. They're on different facts. But wouldn't you have to give a district judge some basis to follow you down that reasoning? For example, exemplars of cases and then the experts saying, but this should not be equated. This guidepost should be subject to a multiplier because fill in the blank. Harm from a foreign sovereign. Different from harm from an individual. Because, and here's the basis in Israeli law, foreign sovereign is seen as a more formidable, powerful, well-resourced and potentially repeat actor. So that's going to change the experience of the injury or the victim or something. So it's the point is that my sense from reading the record is the district court found the position of the plaintiffs in this case to be somewhat coy. We're going to give upward pushing information, rely on Heiser. These categories are open to you and not countervailing guideposts, which might be helpful to take into account. And the timing and the belated acknowledgement that, well, there aren't, you know, for legal reasons, there aren't damages awards against Syria or Iran contributes to that. So there's a sense, I think, not just, you know, this information is the be all and end all, but that the plaintiffs had not been fully cooperative or responsive or timely and candid in the case. That damages awards are not law. Well, foreign law is something that the court needs information on. Foreign law, yes. Is this actionable? What are the elements of the tort? What are the categories of damages? What are the considerations or the elements for each category of damages? Can a sibling recover? Can a child recover? Are there damages for lawful consortium? What if an Israeli statute or court decision said that salatium damages are capped at, you know, a million dollars? Isn't that law? That would be law, but we don't have that fact. Well, we don't have any facts about the content of Israeli law with respect to calculation of damages. Respectfully, if you're looking at damages awards, those are not law. Those are results. Those are verdicts. So that's not for abuse of discretion. What if the district judge in this case had awarded nominal damages of one dollar? Would there be would you be before us? I think so. A claim of legal error. I think so, because he, though the judge has discretion to make a damages award, it has to report to the facts of the case and to the applicable law. Honestly, I mean, just to go back to Frankl, it's water long under the bridge. But that's what the judge that's what the district court kind of did. She had a she had you. And this is what Frankl was on. The merits part was reversed on. She had a view that the plaintiffs were basically asking for it because of where they lived and where they sent their child to school. You live near the West Bank. You send your child to school in the West Bank. Therefore, you should expect to be attacked by terrorists. And that was reversed. But even when it came to the damages award, she was she saw the plaintiff's damages as diminished by their conduct. But the point is, she took the guideposts and she said, but I'm going to call it the way I see it. And he didn't disregarded the guideposts completely. And in fact, she had another case where she awarded many, many, many times. What do you think her error was that she disregarded the guideposts completely? Is that what you just said? No, you just said she disregarded the guideposts. I'm just pointing out that's what she did. Was that error? In that case, I'm constrained to say that this court said it wasn't because we did appeal from it again. No, we didn't say that. We said they weren't finding the second appeal. You said it wasn't binding and she was free to call it the way she saw it based on the evidence. But to get back to Judge Gillard's question about what if she awarded what if the district judge awarded nominal damages? I think that would violate what this court said in Frankel, because a dollar doesn't have any connection to the damages these people suffered. That would be an extreme. The question would be harder. What if he awarded $100,000? Can I ask you a separate question and a prior question about whether we have jurisdiction under the reasoning of the district court in the force case? In other words, there's a question whether in a terrorist attack where nobody dies, does the exception to foreign sovereign immunity even apply? We have not ruled on that. The district courts in this jurisdiction have come out in different ways. In Cabrera, for example, and in the force decision that you cite in your opening brief, but for a different purpose. Right. I believe I also represent the plaintiffs in force. I believe that Judge Moss's decision in force is really the right view. I know that he invested a lot of careful time and thought into that issue. If his view is the right view, then you have no claim. He awarded money to the injured parties. He didn't like Daniela Parnes because she had no. Oh, wait, I take it back. He's still considering that issue. That issue is still going on. I misspoke. I was confusing with another case. That issue is still sub judiciary. It's been for a long time. I suspect, and I don't know this, I suspect that there's some decision here that he might be waiting. I'm looking at the decision, I believe you cited, which Parnas was not at home. Right. And he said he'd previously entered a default judgment as to most of the plaintiffs declined to enter judgment in favor of six. One is removed, renewed her motion for default judgment. He says the court reconsiders and changes its view about whether the waiver of foreign sovereign immunity in 1605 regarding terrorism applies to attempted extrajudicial. His first view, I agree with his second view. He changed his mind. And there is a motion pending for further consideration on that with except not for Daniela Parnas, because. But his ruling about Parnas was that she wasn't even injured. Like, it's not even I'm less interested in the details of the of the awards to the plaintiffs in that case than the reasoning, which obviously is not binding on us one way or the other. But if one were to find it compelling, would that not mean that your clients in this case have no claim cannot proceed? We lost jurisdiction. If the law is that an injured but not killed party does not give rise to insulation claims, then these plaintiffs would be out of luck. That's not procedurally. That's not the issue that has been raised in this appeal. It wasn't it was raised by the court below. And it's not really before the court right now. Jurisdiction is always before this court and a waiver of sovereign immunity is jurisdictional under the Foreign Sovereign Immunities Act. So it is before this court, but not without briefing. But if that if that's a road that this court wants to go down, notwithstanding that it wasn't raised below and it was. Well, you're the appellant. It's your obligation to establish our jurisdiction. And so what I'm interested in is the waiver of sovereign immunity applies to extrajudicial killing. Didn't happen here. Aircraft sabotage didn't happen here. Hostage taking didn't happen here or or the provision of material support or resources, resources for such an act. The issue is the attempt. The word act includes attempted active. The word act includes attempt. What's your authority for that? The the the such an act is referring back to the prior the list that they just gave. The courts that have awarded damages to non killed, just injured. Salvation claims have relied on the word and active extrajudicial killing in the sense that if I take a gun and pointed at your honor and shoot, but I miss. That was an act of attempted murder. And it's an act of killing, even though it was not successful. Well, that's what the courts. That's what Judge Moss said originally. Well, and then there's there's the career decision, which takes different different reasoning and uses the material support for as as requiring purpose. And there's something I'm not sure that has been established in this case. But you I take you to be requesting that if we were felt that we needed to answer that question, that you're requesting an opportunity for supplemental briefing. Absolutely. And I, I think it would be very wise to do that because it would it would it would wind up being a decision that affects an awful lot of cases. My colleagues have any more questions. All right. Thank you. Good morning, your honors, and may it please the court. My name is Kate Stetson. I am here today in my role as a sponsor of the University of Virginia School of Law Appellate Litigation Clinic. It's my pleasure to introduce Andrew Nell, a student counsel, arguing as amicus in support of the district court's judgment. Welcome, Mr. Nell. Thank you, your honors. May it please the court. I'd like to begin by making two remarks. First, the district court's order was a final judgment granting this court appellate jurisdiction. Second, because appellant's claims arise under Israeli law, the amount and the proper calculation of those damages is necessarily a question of Israeli law. The district court was well within its discretion to request briefing on how to calculate those damages. And when plaintiffs didn't comply with the court's show cause order, there was no obligation to apply Heiser or any other federal damages framework. I think this court's questioning is really getting at the heart of what Judge McFadden was struggling with here, which is how to go about actually calculating these damages under Israeli law. I think, as your honors pointed out, and I point you in the record as well, to A563 to 66, as well as A636 to A639, there are multiple Israeli cases awarding salatium damages in terrorism cases. That's all Judge McFadden needed. Some understanding of how an Israeli court faced with these facts would go about calculating an actual dollar figure for these awards. To your honors' question earlier about what if the district court had awarded $1, I think that gets to the heart of the problem we have here, is if at the end of the day Judge McFadden had looked at these facts and said, I think an Israeli court would award you $10 or $10 million. There'd be no way for this court to know if he got the question right without some understanding of how that calculation actually takes place. And that's why in all the cases that are citing in the briefing, the district courts are either defaulting to federal damages or simply awarding nothing. But no district court has found the expert declarations that were used here sufficient to figure out how to calculate damages. They go to what is compensable, but not how that compensation actually takes place. But courts, I mean, it's true even for the claimants who are proceeding, the American citizen plaintiffs, that there's a character of sort of normlessness or out of thin air-ness about all of these efforts to value non-numerical suffering. And to the extent that it appears that Judge McFadden was entering a zero award not because he was assessing that as any measure of damages, but really almost as a sanction for noncompliance. And you don't defend it as an appropriate sanction, do you? Well, I guess I wouldn't characterize it quite as a sanction, Your Honor. I think what Judge McFadden said is this is a part of your burden of proof. And if you can't actually show me what the value is of this claim, then I'm not in a position to award you anything. Because anything he would have awarded would have been purely arbitrary. Just to probe a little bit on that, the plaintiffs did establish through expert testimony categories of types of harm that are recognized in Israeli law and through the plaintiff's own testimony what they suffered, which is, I think you'd have to acknowledge, quite analogous to what they proposed, what they presented on the American plaintiffs. And yes, there's Heiser out there as a guidepost. But, you know, with respect to those calculations, I trust that the district court also felt that there was a level of being at sea. And it just, so does it not seem arbitrary to grant zero? I mean, even if he said, well, I understand Israeli awards are much lower. Therefore, I'm going to grant a tenth of what was granted under the FSIA for the American plaintiffs. I mean, there would have been some thinking about that. But to grant zero, there is, I'm just, I guess I'm pushing back on the notion that there's no evidence on which a judge, if so inclined, could have arrived at some damages. I guess I have two responses to that, Your Honor. The first is that if they come forward with even a single case, not even in a terrorism case, but just an ordinary Israeli negligence damages case, something to establish some floor for Judge McFadden to work off, I think I would agree it would be abusive discretion. But when he had nothing to go by, any sort of number, even a tenth, would be purely arbitrary. The second thing I'd point to is, you know, ordinarily within an ordinary jury trial, whatever verdict the jury reaches is reviewed for abusive discretion on the back end. But because Judge McFadden was sitting as fact finder, he essentially had to do that check on the front end. And so that's why he needed some understanding of what exemplar awards are under Israeli law, particularly when, from what little evidence was in the record, he knew those damages were lower. It could be the case that even a tenth of what these American plaintiffs did receive in this case would be an abusive discretion under Israeli law. And that's all the court was seeking was some sort of guidance for how to go about doing so. Well, I think it was well within the court's discretion when my friend on the other side chose not to present that evidence for Judge McFadden to then reach the conclusion, well, I'm not in a position to award you anything then. So the expert declaration that's at, you know, A636 and then the subsequent cases about Israeli damage awards in these types of cases, they give examples where, you know, pecuniary damages have been awarded. They don't give any amounts. The declaration doesn't. It says courts have awarded. Why shouldn't the district court have said, well, give me the information about what the amounts are here in these cases that your expert discusses? Why shouldn't he have done that before deciding to award that? So, I think, first off, I'd point your honor to the court's show cause order where Judge McFadden did expressly request what the amounts were. And so I think he had already requested this information. And in the response to the show cause order, and I point you in the record to A571, where in their response to the court's show cause order, they have a section having damages. And what they say is in these expert declarations that we presented to this court, which we've taken from Liebevich and other cases, those declarations didn't specify what the dollar figures were. And so what we actually want is federal damages instead. And so I think Judge McFadden correctly understood that the issue wasn't that they couldn't get these dollar figures from these expert courts. It's that they understood that federal damages were more favorable, and they made a litigation decision to request those more favorable damages. That was, of course, well within their discretion to make that choice. But once they made that choice, there certainly wasn't an abuse of discretion on Judge McFadden's part to hold them to account for that, to say that federal damages is not the proper measure, having not complied with the court's show cause order to award nothing. Mr. Nell, you said that had Judge McFadden in the face of the evidence that was before him, not including number amounts in other cases, had he attempted to award damages figures based on that evidence, it would have been arbitrary. But presumably before the Heiser framework, I mean, it has to start somewhere. Was the court in Heiser that has been subsequently relied on as creating a rubric and some guideposts arbitrary if it was the first to award a number in a particular category? So I think even in the very first case decided under the FSIA, there's a certain just baseline understanding that district courts have about what salatium damages look like built up over hundreds of years. And indeed, in court's review for abuse of discretion, what they're doing is analogizing the past cases. But when you're dealing with an issue of foreign law, there isn't that institutional knowledge. So it really is kind of starting from scratch and baseline. And if this information truly didn't exist, that would be one thing. But when the information is readily available, the district court requests that information and plaintiffs choose not to provide it. Certainly within the court's discretion to at that point say that there is no way for me to come to this figure and therefore the proper remedy is zeroed out. Go ahead. The district court did order one of the plaintiff's damages for the pain and suffering for emotional trauma. And that was Roland Gotan. I'm sorry if I'm not pronouncing that correctly. And he said, well, I'm going to carve out an exception for her because she also had a physical injury. Was the award that he gave to her, to the extent it went beyond physical pain, completely arbitrary because you've said there was no basis for him to make any decision? Well, no, because what Judge McFadden did there is and what a lot of other district courts have done is, you know, the district courts are unanimous in finding that these expert declarations simply don't give enough information for how to calculate damages. But some courts have done and what Judge McFadden did for this one plaintiff is say, in the interest of justice, that they'll then look to a foreign law and in this case, federal damages. And so he actually used the Heiser framework to come up with it. Well, first of all, I mean, the foreign law is district law. So that would have been a mistake. But I want to get back to you. But the only reason he said there's an interest of justice for this particular client is because she also was a she, as I recall, also had a physical injury. Why is that not an arbitrary distinction between these, all of the other non-U.S. plaintiffs who had, as he acknowledged repeatedly, had suffered the very types of injuries that we put under the category of selection damages. They had suffered this terrible emotional pain and witnessed, you know, their loved ones injuries and their pain and suffering and recovery process. And so why is it at all permissible to say, well, because this one also got physically injured, I'm going to do an interest of justice decision for her and everyone else who I have admitted has suffered, I recognize has suffered. There's no question about the fact of damage here, but I'm going to discard theirs. I'm going to make an arbitrary calculation for this person, in your words, an arbitrary calculation for this person, because they also suffered a physical injury. What possible rational basis is there for that? Your Honor, I guess I'd say in the first instance, I think it would have been within the discretion of the court to have simply awarded nothing to all of the Israeli plaintiffs. When it comes to the interest of justice, at the end of the day, it's inherently a judgment called by the district court judge. I certainly think it was within his... Is it subject to abusive discretion review? That would be the correct... Yes, and so why isn't it an abusive discretion to single one? What if the district court instead had put all their names in the hat and said, I'm going to draw one out. And for that one, I will follow the Heiser framework. Would that be a violation? That'd be abusive discretion? Yes, Your Honor. I think if the district court had on that purely arbitrary basis... Why is it not just as arbitrary to go, well, let me see. Oh, here's one who also has a physical injury. So I'm going to treat that one completely differently and apply the law that I've said I can't apply. Well, I'd say it's well established in the law that physical injuries are more grave than purely emotional. He wasn't... This was not just for the physical injury. This was a separate award that he said for emotional trauma. And so if he can do it for one... So put aside, he can compensate for the physical injury. But this was also, as he said, for the severe emotional trauma. And I don't have a framework. I'm just going to treat her differently because she had a physical injury. But why is it relevant to her emotional damages? Are emotional damages without a physical injury a lesser category in the law? I guess what I would say is she had emotional damages plus, Your Honor, which is that she had these... I understand she... That's what the district court found. She had plus. And I'm asking you whether that plus... When, as you said, the district court found it had no basis to make a calculation for emotional damages. Made any sense then to go that... But I'm going to find a way of doing it because this person also had already separately compensated physical injuries. Well, the nature of her emotional damages that was compensated would be the emotional damages from the direct victims plus her own suffering. So even the nature of her emotional suffering, I'd say... That's not what the district court said. Just said because she has a physical injury, I still don't have any information that I need to make a decision. But because she has a physical injury, I will go ahead and give her additional award that includes emotional harm. Even though I can't figure out in any way that's not arbitrary how to calculate emotional harms for any of these plaintiffs here. Well, again, Your Honor, the way he actually came up with the dollar figure, though, was not by looking to Israeli law. It was by looking to federal law. No, I know, but I get all that. My question is, if he found a way in the interest of justice to do it for one of these nine U.S. citizen plaintiffs, the Israeli plaintiffs, he needed to have a reasoned basis for singling that one out, correct? Right, yeah. That doesn't work, right? He has to have a reasoned basis. What in the law allows someone to say it's a reasoned basis when I've said I don't have law to apply? I can't make any award for recognized and acknowledged damages over here. I have, as you said, nothing other than an arbitrary basis for doing so. But I can be arbitrary because you also had a physical injury. Well, I guess what I would say, Your Honor, is Judge McFadden surveyed the case law, and he saw that lots of other district courts had, in the interest of justice, simply used federal damages as a gap filler. So they should have done it for all the Israeli plaintiffs. But I think what this law that has built up, it's inherently a discretionary choice. And certainly he was under no obligation to do so. And so I think what he says in the first instance, there's no requirement for me to default the federal damages. But this one particular plaintiff, in my judgment, she has suffered greater than all others in this case. And so in my judgment, in the interest of justice. Did he find that her emotional trauma was greater than the other Israeli plaintiff's emotional trauma? Did he find that it was greater? I guess I'd say it's the emotional harm. No, I'd say it's implicit disorder for the fact that she, in the first instance, all of them, of course, suffered the same emotional harm. So she has that, but she also has her own physical injuries, which, of course, will manifest as emotional harm to her as well. And so I think the fact that he distinguished her physical injuries is also implicitly saying her emotional suffering as well is greater than all the other plaintiffs here. It's a little bit piling on, but along the same lines, there are cases in other jurisdictions like the Leibovitch case and the Goldberg versus CBS case from the Eastern District of New York. Where the courts recognize that Israeli courts are unlikely to award the same amount as a U.S. court. And so they gave awards for emotional distress, 40 percent, 45 percent of a Heizer type framework. And so I guess the question is, if it's feasible, the notion that he had not enough to go on feels unsupported. I guess I'd say two things in response, Yara. The first is that in a lot of those cases, and we think Leibovitch is the one that actually gets this right, that if you are going to default to foreign law, that in this case should actually be the District of Columbia and not federal damages. And so it would still be wrong to be applying federal damages. And the second point I'd say, Your Honor, is I think in the first instance, all these courts recognize that it should be Israeli law controlling the proper measure of damages. Now, some judges, when plaintiffs choose not to come forward with that information, have said, well, I'm going to apply federal damages because I'm so moved. But none of them were ever found that they were compelled to do so. The second point I'd point, Your Honor, to the Botvin case, where Judge Lamberth actually made the opposite choice, what Judge McFadden did. What he said there is, if we simply default to federal law all the time as a gap filler, there's a real risk that we're going to create incentives for plaintiffs to obfuscate, as you were alluding to earlier, when the foreign law is unfavorable. I think that's all Judge McFadden was saying here, is you can't simply use federal law every single time. Otherwise, plaintiffs will get to pick and choose which elements of which jurisdiction's law they actually want to apply in these cases. And do you have a position on the force issue, whether there's even jurisdiction in a case in which not only were the plaintiffs not killed, but no other person was killed by the attack? I don't, Your Honor, and I think I would agree with my friend on the other side that it would be in the interest of this court to have supplemental briefing before it ruled either way on the matter. Colleagues have no further questions? Thank you, Your Honor. Thank you very much. Mr. Tolchin, we'll give you two minutes. Over earlier. You can have two minutes. Thank you. I would just, as to what Your Honor was asking about regarding Rotem. I'm sorry, I mispronounced the name. No, no, you said it perfectly. It is gender ambiguous. There's male and female Rotems. I believe this one's a female. But I don't deviate from my basic position that the judge hearing the damages is supposed to assess damages based on the evidence in the case. And that looking at what other courts have done in other cases is a, I would say, even a dubious guidepost. It's a guidepost. The court has held it's a guidepost. I confess I kind of like the guidepost, but you wouldn't do it. You like some guideposts. I don't have a problem. You seem perfectly fine with the Heiser guidepost. You asked the district court to apply those. And the Heiser guidepost wasn't just one case. Heiser surveyed numerous other cases. And those cases, many of them previous cases, and it was sort of a synthesis of what had been done in many cases to create a rule of thumb. But what the benefit in that is that everybody who comes before the court is treated equally. You don't encounter a situation where one person's suffering is deemed less worthy just because of an accident of citizenship. If this court would come out with a, or if the district court had come out with a ruling that an American citizen who lost a child gets a million dollars, but an Israeli who lost a child gets $100,000, somebody might look at that and say, what kind of justice are we administering here? But choice of law is always like that. I mean, we have in domestic cases, you know, do we apply Florida law or D.C. law or New York law? And oftentimes that can be outcome dispositive. You get nothing under one form's law, and you might get a generous award under a different form. And I would come back to saying that damages awards your honor. This is where I think you and I disagree about how we see it. Damages awards numbers are not law. You might, that outcome determinative, that law impacted the outcome that your honor is referring to. I agree completely, for example, if you have one jurisdiction that follows comparative negligence, another follows contributory negligence. One jurisdiction doesn't allow emotional distress and wrongful death cases. The other jurisdiction does. So you can have the same plane crash, but you have one person from a state where there's no emotional distress or a wrongful death case, or a New Yorker like where I'm from, where all you get is actual pecuniary loss. New York is crazy. You have a surgeon who dies in a plane crash gets his projected lost earnings as a surgeon, whereas a laborer gets his family gets only the projected lost earnings of a laborer, even though they both suffered the same because they get nothing for suffering. So the law governing damages, the categories, the elements, what I've been arguing, that it does matter which jurisdiction's law you apply. But once you have gotten to what the law is. Now, the judge has to assess the damages just based on facts based on what does the plaintiff say in their declaration or what do they testify? What are the doctors say that kind of brings me back to we agree that Israeli law governs damage. Right? We agree that on that. Yes, with the caveat that courts in the DC district court have said that when we don't care, we're not bound by that. He's not sure. But the reason position they have taken is that when there is unclarity about what the foreign law is, it's okay to apply the federal law or the foreign law. We don't have to apply the foreign law once we've gotten to pass liability and to the categories of damages, we can apply a more local law, which. Let me get to the brass tacks, or at least how I see this. I want to give you an opportunity to explain. Your expert declaration gave examples of terrorism cases in Israel, but no damage amounts. The district court saw that and gave a show cause that said, I want some exemplar. Your response was. Don't worry about that. Here's federal law exemplars. Not exactly and that's where I see. But, but. To me, then the nub of the issue is in. Was it either clear or abuse of discretion? Or the district court to say, look. I wanted you to fill in a gap from your expert declaration. I specifically asked you to do that and you did. And I don't think then I have enough to calculate damages under Israeli law. To me, I see that as, like, the nub of the issue. So accepting that as, as, as, as the correct framing, how is that? An abuse of discretion or clear air. And my answer to that. For the judge to want to know. What happened in particular cases. And then I suppose he'd want to know what were the damages claimed. What were the potentially did these plaintiffs have any set offs because they got money from collateral sources or who knows what may have been present in those cases. Maybe a plane in that case had a light injury or a heavy injury that would make it. Not comfortable, but the judge want to know all that. In other words, asking for a guide post. And then to base his decision on the absence of a guide post, I would say is an abuse of discretion. Because at bottom, the judge is not supposed to be making his decision based on guide posts. He's supposed to be making his decision based on the evidence in this case. If he has guide posts. Which he chooses to look at. In my view, for the purpose of making sure that. Cases tend to have similar outcomes. That's okay. This court has said it's okay in Frankl. But you don't have that in any other kind of case. And the other kind of personal injury case, but there's any kind of case where the damages are not just based on an invoice and a contract and a receipt or canceled check. Where the court has to determine something amorphous, like suffering or pain. The jury or the finder of fact, here's the testimony of what happened to the person. And applies it to the law period. There is no guide posts. So, yes, the judge asked for a guide post. We gave him here's the elements under the Israeli law. We did not give him numbers. Maybe he wanted them. I understand. He was looking to see that. But I didn't feel that there was enough of a range of cases. For that to be meaningful. I did not feel that the number that whatever numbers could be provided would really be. Would really be relevant. Because it's not like the district court did. So you're essentially asking us to say, well. You know. Council can make a decision as to what they think is, is, is, is, or isn't relevant. And it doesn't matter what the district court thinks is or isn't. No, I'm saying the district court is wrong to think that it's. That he that that's a senior that he has to have. He's not supposed to be making his decision based on other cases. Supposed to be making his decision based on the facts and law in this case. And it was an abuse of discretion. For him to say, I need to have numbers from other cases. And I'm not going to look at what's an abuse of discretion even to ask for the guide posts. Sounds like that's what you're saying. I want to make sure I understand it. If it were any other case, besides a case that's covered by Frankel, a terrorism case, I would say, I'm asking in this case. Because of Frankel, it's not an abuse of discretion for him to ask. But you don't have to answer if you don't think. To then not make a decision as to not to make an award of damages based on the absence of those non-binding unnecessary guideposts is an abuse of discretion. And then, as your honor pointed out. And then just to clarify, I think I heard you just say in response to Judge Wilkins that you did have some numbers, but you didn't think they were relevant or appropriate or sufficient. A sufficient mass of data to give to the district court. That's what you just said. I should be clear about that because I don't want to leave the wrong impression. I did not have numbers. I did discuss later. You had numbers that you could have gotten. Because your expert said, here's the type of things awarded. This was awarded an X, Y, and Z case. So you could have gotten the numbers. In our initial submission, we did not submit our own experts. We relied on experts. I understand. So I had no communication with those experts about anything. We did have communication with the expert when we moved to re-arguing. We talked about it. And I don't have the conversation. It's going way outside the record. That's why I'm hesitating. But the conversation is more, do we have a body of numbers? Can we make a chart? In the Frankel brief, we submitted a chart of all the different cases. To show which ones were outliers and which ones were. I said, can we make a chart like this? He said, no, we don't have enough cases. But you did have some numbers. You just didn't have it. Well, wasn't your judgment enough? I personally actually never had numbers. But you're asking, could I have asked the expert to give me a list of numbers? I could have. But I would never have submitted them because my contention is that they're not on the facts. They're not empowerable. Are there any more questions? Thank you very much. Thank you. Mr. Nell, you were appointed by this court to brief and argue this case in defense of the judgment below. And the court thanks you for your excellent assistance. The case is submitted.
judges: Millett, Pillard, Wilkins